**Salvador MONDACA–VEGA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–71369.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2004.*

Decided July 12, 2004.

Rhoda Wilkinson Domingo, Esq., Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Of-

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

fice of the District Counsel, Seattle, WA, James E. Grimes, Esq., U.S. Department of Justice, Washington, DC, for Respondent. Agency No. A19–263–384.

Before: PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

An individual known both as Salvador Mondaca–Vega and as Reynaldo Mondaca–Carlon (hereinafter referred to as "Mondaca") appeals the Board of Immigration Appeals (BIA)'s summary affirmance of Immigration Judge Kendall Warren's finding that Mondaca was not a United States citizen and was therefore deportable. Mondaca contends that his case was not appropriate for summary affirmance by BIA. He also contends that the government has not met its burden of proving that he is not a U.S. citizen—or, alternatively, that a genuine issue of material fact exists as to his citizenship and that his case should therefore be transferred to a district court for a de novo hearing.

We have jurisdiction under 8 U.S.C. § 1105a(a)(2), as amended by § 309(c) of the Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996). Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. For the reasons set forth below, we transfer this case to District Court for de novo review of Mondaca's citizenship claim.

Under the IIRIRA transitional rules,[1] 8 U.S.C. § 1105a(a)(5) governs the standard of review of claims of U.S. citizenship. Where a petitioner making such a claim can show that the claim is nonfrivolous and presents a genuine issue of material fact, the Court of Appeals must transfer the proceedings to "a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim." § 1105a(a)(5). The record is clear that the parties have presented reasonably conflicting evidence on whether the petitioner is a citizen of the United States or of Mexico.

Because we find that there is a genuine issue of material fact as to Mondaca's nationality, we order this case transferred to the District Court for the federal district in which Mondaca has his residence. As the most recent information in Mondaca's file indicates that Mondaca resides in the Eastern District of Washington, we transfer to that District Court.

THIS CASE IS TRANSFERRED TO DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON FOR A DETERMINATION OF THE PETITIONER'S CITIZENSHIP.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. IIRIRA § 309(c)(1) provides that, in the case of an alien whose deportation proceedings were pending as of the IIRIRA effective date (calculated by this Court in *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997) as being April 1, 1997), the transitional IIRIRA rules apply.